IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    vs.                                                                                          15-CR-2732 JAP

**SHANE ROACH**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    This sex trafficking prosecution commenced on July 30, 2015, when the grant jury returned an indictment charging Shane Roach and Angela Santillanes with sex trafficking D.G. through means of force, threats of force, and coercion in violation of 18 U.S.C. § 1591. *See* REDACTED INDICTMENT (Doc. No. 18). According to the evidence provided to the Court, Ms. Santillanes worked in Mr. Roach's prostitution business answering the phone and making arrangements for the customers to visit the prostitutes. On April 26, 2016, the United States obtained a superseding indictment naming Ms. Santillanes as a victim rather than a co-defendant. *See* SUPERSEDING INDICTMENT (Doc. No. 93). This new indictment charges Defendant Roach with two violations of 18 U.S.C. § 1591: (1) forcing D.G. to engage in prostitution and (2) forcing Ms. Santillanes to engage prostitution. On May 17, 2016, at the United States' request, the Court dismissed the charges against Ms. Santillanes. *See* ORDER DISMISSING INDICTMENT  (Doc. No. 118). The United States seeks to go to trial with both D.G. and Ms. Santillanes testifying as victims.

    On May 2, 2016, Defendant filed a MOTION TO DISMISS COUNT TWO OF THE SUPERCEDING [sic] INDICTMENT (Doc. No. 98). Defendant argues that the United States purposefully delayed in bringing Count 2 – which names Ms. Santillanes as a victim – in order to

gain a tactical advantage over Defendant. To remedy this due process violation, Defendant contends that the Court must dismiss Count 2. The standard for dismissing an indictment for pre-indictment delay, however, is high. "The Due Process clause of the Fifth Amendment to the United States Constitution has been interpreted to require dismissal of an indictment where a defendant is able to demonstrate that delay in charging him with a particular crime was the product of deliberate action by law enforcement personnel designed to gain a tactical advantage resulting in actual prejudice to the accused, thereby depriving him of his right to a fair trial." *United States v. Comosona*, 614 F.2d 695, 696 (10th Cir. 1980). In other words, to prevail on a pre-indictment delay due process claim, a defendant must establish (1) deliberate and tactical delay by the government and (2) actual prejudice.

Because Defendant has not made a showing of actual prejudice, the Court orally denied Defendant's motion to dismiss at the June 20, 2016 motions hearing. The reasons for this denial are straightforward. In the motion to dismiss, Defendant originally argued that he was prejudiced by the addition of the new charge because the June 13, 2016 trial was only a month and a half away and Defense Counsel would have limited time to prepare a for trial on the new charge. Defendant, however, has since elected to retain new counsel and requested a lengthy continuance of the trial to allow new counsel time to become familiar with the case. *See* MOTION TO CONTINUE TRIAL CURRENTLY SET ON JUNE 13, 2016 AND ALL CORRESPONDING DEADLINES FOR AT LEAST 90 DAYS (Doc. No. 116). The Court granted this request and rescheduled the trial for July 25, 2016. *See* ORDER (Doc. No. 123). This postponement has cured any prejudice caused by the United States' decision to obtain a superseding indictment less than two months before the prior trial setting.

Defendant has not identified any other prejudice that he has suffered as a result of the United States' alleged delay in acquiring the superseding indictment. At the June 20, 2016 hearing, the Court asked Defendant to explain how he was prejudiced by the delay. Defendant's Counsel responded that Defendant has suffered actual prejudice because he has not obtained the same disclosures regarding Ms. Santillanes's proposed testimony that he would have received under Federal Rule of Evidence 404(b) if Ms. Santillanes was testifying as a co-defendant as opposed to a victim. The United States disputed this claim and represented that it had provided all of the discovery and information that it would normally provide about a witness's proposed testimony.

The Court finds that Defendant's concerns about 404(b) evidence do not constitute actual prejudice requiring dismissal of the superseding indictment. First, the prosecutors for the United States represented that Defendant has not received different information as a result of the United States' decision to charge Ms. Santillanes as a victim. This undermines Defendant's only claim of actual prejudice. Second, the prejudice Defendant claims he will suffer is not related to the allegedly tactical delay. Defendant would have faced the same evidentiary prejudice caused by a joint trial if the United States had chosen, from the beginning, to charge Defendant with sex trafficking both D.G. and Ms. Santillanes. This is critical. To establish a due process violation, Defendant must show that the <u>delay</u>, as opposed to the charging decision, prejudiced him. Defendant has not made any such showing.

IT IS THEREFORE ORDERED that MOTION TO DISMISS COUNT TWO OF THE SUPERCEDING [sic] INDICTMENT (Doc. No. 98) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3