IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

   Plaintiff,

vs.                                                                                                        15-CR-2732 JAP

**SHANE ROACH**,

   Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 10, 2016, the United States filed a NOTICE OF INTENTION TO OFFER TESTIMONY OF ALBUQUERQUE POLICE DETECTIVE MATTHEW VOLLMER (Doc. No. 107) ("Original Notice"). On July 14, 2016, at one of the myriad pretrial conferences, Defendant indicated that he would be objecting to the admission of Detective Vollmer's opinion testimony. Consequently, the Court stated that it would schedule a *Daubert* hearing and asked the parties to submit additional briefing about the admissibility of Detective Vollmer's proposed testimony. On August 10, 2016, the United States filed an AMENDED NOTICE OF PROPOSED TESTIMONY OF ALBUQUERQUE POLICE DETECTIVE MATTHEW VOLLMER (Doc. No. 208) ("Amended Notice") arguing that Detective Vollmer's testimony was admissible under Federal Rule of Evidence 702 as specialized knowledge that would assist the jury in understanding a fact at issue. Defendant responded, on August 17, 2016, with a MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TESTIMONY OF ALBUQUERQUE POLICE DEPARTMENT DETECTIVE MATTHEW VOLLMER AND REQUEST FOR PRETRIAL RULING (Doc. No. 210).

On August 24, 2016, the Court held a hearing to address the dispute over the admissibility of Detective Vollmer's opinion testimony. Norman Cairns and Kimberly Brawley represented the United States. David Serna represented Defendant Shane Roach, who was present. During the hearing, Detective Vollmer testified regarding his qualifications and experience. After considering the pertinent legal standards, the parties' briefing, and arguments by counsel, the Court excluded Detective Vollmer's proposed opinion testimony as unnecessary under Federal Rule of Evidence 702(a) and overly prejudicial under Federal Rule of Evidence 403. Reasons for the denial are set out more fully in this MEMORANDUM OPINION AND ORDER.

## Background

In this sex trafficking prosecution, the United States brings charges against Defendant Shane Roach for (1) using force, threats of force, and coercion to make D.G. engage in commercial sex acts and (2) using force, threats of force, and coercion to make A.S. engage in commercial sex acts. *See* REDACTED SUPERSEDING INDICTMENT (Doc. No. 93). According to the information provided to the Court, the United States expects D.G. to testify that:

- D.G. first met Defendant Roach in mid-April 2015 when Defendant Roach contacted her in reference to her backpage.com advertisement for prostitution and took her out to eat. During this meal, Defendant Roach "told her he could help her reach her full potential by posting ads and protecting her." She said she needed time to think about it. Defendant Roach arranged to pick her up the next morning.

- Per this discussion, the following morning, Defendant Roach arrived at the Motel 6 where D.G. was staying and picked her up. He then took her to a Dollar Store and

    bought her food. He also confiscated her money ($32), identification, and old cellphone. Finally, he provided her with a new phone and took her to the Roadway Motel located on Menual and told her not to leave her room. He explained how he would arrange for customers to come to her to engage in sexual activity. During this conversation, Defendant Roach had a handgun on his lap.

- D.G. worked for Defendant Roach for the following month and a half. During this time, he would collect all of the money she made. He also beat her six or seven times, including one time after he found messages about D.G. leaving him.

While the Court is in possession of less information about A.S.'s anticipated testimony, the United States has indicated that it expects to prove that "Defendant Roach was also abusive to A.S. and expected her to pay him $300 a day; the only way she could earn that amount was by prostituting herself at a strip club." (Doc. No. 194 at 4).

## Discussion

    Under Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and methods; and
>   (d) the expert has reliably applied the principles and methods to the facts of the case.

Here, the United States proposes to call Albuquerque Police Detective Matthew Vollmer, the detective responsible for the bulk of the investigation against Defendant Roach, to testify: (1) "that human traffickers use threats, violence and narcotics to control their victims," (2) "that human traffickers confiscate identity documents and other personal items such as cell phones or computers to control their victims," and (3) that human traffickers "encourage prostitutes to

3

compete with one another" in order to control them. *See* Original Notice at 1; Amended Notice at 4. The United States argues that this testimony is admissible under Rule 702 because Detective Vollmer's experience as a VICE officer qualifies him to opine about the practices of human traffickers and his "specialized knowledge would assist the jury in understanding a fact at issue." Amended Notice at 1-4.[1]

In his motion in limine, Defendant attacks both the relevance of Detective Vollmer's proposed testimony and his qualifications to provide opinions regarding the practices of human traffickers. Based on Detective Vollmer's explanation of his qualifications and extensive experience investigating prostitution cases, the Court is persuaded that he is qualified to opine about the common practices of sex traffickers. However, the Court agrees with Defendant that Detective Vollmer's proposed testimony is unnecessary and overly prejudicial.

Federal Rule of Evidence 702 only allows an expert witness to express opinions if this testimony would help the jury in understanding the evidence. FED. R. EVID. 702(a). Consistent with this requirement, the Tenth Circuit Court of Appeals permits district courts to "exclude proffered expert testimony when the normal life experiences of the jury would permit it to draw its own conclusions." *Gust v. Jones*, 162 F.3d 587, 594-595 (10th Cir. 1998). An expert opinion unduly invades the province of the jury and should be excluded if "the jury [i]s fully capable of assessing the facts" and the expert does not "offer any opinion that [i]s based on scientific or technical facts outside the jurors' common knowledge or experience." *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870 (10th Cir. 2006). For example, in *United States v. Gabaldon*, 389 F.3d 1090, 1099 (10th Cir. 2004), the Tenth Circuit held that it was permissible for a district court to

---

[1] The United States originally argued that Detective Vollmer's proposed opinion testimony was not expert testimony that needed to be admitted under Federal Rule of Evidence 702. However, the United States has abandoned this position and instead argues that Detective Vollmer is qualified to testify as an expert based on his experience.

exclude expert testimony that injuries to the victim could have been caused by a smaller person than the defendant. While the district court had excluded the testimony because it was speculative and not scientific, the Tenth Circuit explained that "the larger problem is that this conclusion is utterly obvious and is not something for which expert testimony is needed." *Id.*

The reasoning from *Gabaldon* applies here. As Defendant emphasizes, the victims in this case will be at liberty to testify about Defendant's beatings, threats, and other alleged acts of coercion and how this behavior affected their decision to engage in commercial sex acts. The Court does not see how Detective Vollmer's proposed testimony will help the jury better understand this testimony or appreciably assist the jury in deciding whether Defendant's alleged conduct violated 18 U.S.C. § 1591. The jury will either credit the victims' testimony about Defendant's alleged abuse or it will not. If it does credit this testimony, the Court agrees that the jury should be perfectly able, using their own common sense, to determine (1) whether Defendant's alleged misconduct – beating the victims, confiscating their belongings, and providing them with drugs – coerced the victims into engaging in prostitution and (2) whether Defendant had the requisite *mens rea* to be convicted of sex trafficking.

Allowing Detective Vollmer to testify that physical abuse, confiscation of property, and the provision of drugs are commonly used to force victims to engage in prostitution adds nothing to this case. The United States halfheartedly[2] argues that this testimony will help the jury infer that Defendant knowingly trafficked D.G. and A.S. But the coercive nature of physical abuse, theft, and drug dependency is both utterly obvious and something about which both victims will presumably testify.

---

[2] At the August 24, 2016 hearing, counsel for the United States admitted that Defendant had a valid argument about the usefulness of Detective Vollmer's testimony and the jury's ability to decide for itself whether Defendant knowingly coerced the victims into engaging in prostitution.

Moreover, Detective Vollmer's proposed testimony poses a significant danger of unfairly prejudicing Defendant. For example, when paired with his fact testimony about his investigation into Defendant Roach's activities, Detective Vollmer's claims about what sex traffickers commonly do may improperly suggest that the jury should find the victims' accounts of their interactions with Defendant more credible because sex traffickers generally act like the victims claim Defendant acted.  In *United States v. Mendoza*, 236 F. App'x 371 (10th Cir. 2007), the Tenth Circuit has cautioned district courts that the "use of a case agent as an expert increases the likelihood that inadmissible and prejudicial testimony will be proffered" because the agent may "act as a summary witness which usurps the role of the jury and creates jury confusion as to whether the witness is relying on his general experience and reliable methodology or improperly on what he has learned of the case." *Id.* at 384. Thus, while there is no per se bar on a fact witness providing expert testimony, the Court should be vigilant to ensure that such a witness does not take advantage of his dual role as a fact and expert witness to inappropriately present arguments and opinions to the jury that are based the witness's familiarity with the specifics of the case rather than on his general expertise. Because the Court believes Detective Vollmer's expert opinion testimony is unnecessary (i.e. of low probative value) and the risk of misleading or confusing the jury is high, the Court will exclude the proposed opinion testimony under Federal Rules of Evidence 702(a) and 403.

IT IS THEREFORE ORDERED THAT:

1. Defendant's MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TESTIMONY OF ALBUQUERQUE POLICE DEPARTMENT DETECTIVE MATTHEW VOLLMER AND REQUEST FOR PRETRIAL RULING (Doc. No. 210) is GRANTED.

2. Detective Vollmer may not testify to the opinions identified in the United States' expert notices (Doc. Nos. 107 and 208).

_____
SENIOR UNITED STATES DISTRICT JUDGE